UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEVEN LESANE,

       Plaintiff,

-against-

NYPD 043 PRECINCT JOHN DOE 1, *et al.*,

       Defendants.

21-CV-4746 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is currently held in the Metropolitan Detention Center in Brooklyn, New York, brings this *pro se* action, alleging that Defendants violated his rights. By order dated June 24, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff thirty days' leave to replead his malicious prosecution claims.

## STANDARD OF REVIEW

  The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint. On or about June 1, 2016,[2] several unidentified New York City Police Department ("NYPD") officers approached Plaintiff

---

[2] The complaint lists the date as "June 1, 20116." (ECF 2, at 8.) Documents attached to the complaint as well as the timeline of events describe in the complaint make it clear that 2016 is the correct year.

"within the vicinity" of the New England Thruway in the Bronx. (ECF 2, at 8.) The officers arrested Plaintiff and placed him in handcuffs "with no legal justification." (*Id.*) Plaintiff was transported to the 43rd Precinct Station and then to Bronx County Central Booking.

Plaintiff attended "all required court appearances without ever being Indicted by [a] Grand Jury." (*Id.*) The case proceeded to trial before Judge Wang, and was "later dismissed On or About June 4, 2018." (*Id.*) Plaintiff alleges that he previously filed a claim with the New York City Comptroller's Office, and he provides the claim number.

Plaintiff names as Defendants the Bronx District Attorney; the Commissioner of the NYPD; the City of New York, "c/o Scott M. Stringer, Office of the Comptroller"; a John Doe Assistant District Attorney; and four John Doe police officers from the NYPD's 43rd Precinct in the Bronx. Plaintiff does not specify the relief he seeks, but he includes "Other Financial Damages" among the list of injuries that he suffered. (*Id.* at 9.)

## DISCUSSION

Because Plaintiff alleges that Defendants violated his federal constitutional rights, his claims arise under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### A. Prosecutorial Immunity

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a

3

"functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, federal prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*)).

Here, Plaintiff's claims against the Bronx District Attorney and Assistant District Attorney are based on actions within the scope of those defendants' official duties and associated with the conduct of a trial. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from suit and, as such, are frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**B.     Personal Involvement**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their

4

subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how the Commissioner of the NYPD was personally involved in the events underlying his claims. Plaintiff's claims against this defendant are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C. **Claims against the City of New York**

When a plaintiff sues a municipality under section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff has failed to allege facts suggesting that the City of New York has a policy, custom, or practice that has caused a violation of his constitutional rights. The Court therefore dismisses Plaintiff's claims against the City of New York for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     False Arrest and False Imprisonment**

Plaintiff asserts that the John Doe police officers falsely arrested and imprisoned him. The Court addresses his false arrest and false imprisonment claims together as the claims are synonymous.[3] A claim for false arrest under section 1983 incorporates the elements of a false arrest claim under state law. *See Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003). To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).

The statute of limitations for claims brought under section 1983 is three years. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002). Claims under section 1983 generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). A false arrest claim under section 1983 accrues when the arrestee "becomes held pursuant to legal process – when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389 (2007);

---

[3] "False arrest is simply an unlawful detention or confinement brought about by means of an arrest rather than in some other way and is in all other respects synonymous with false imprisonment." *Evans v. City of New York*, 308 F. Supp. 2d 316, 329 n.8 (S.D.N.Y. 2004) (quoting *Covington v. City of New York*, 171 F.3d 117, 125 (2d Cir. 1999) (Glasser, J., dissenting)).

*Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) ("A cause of action for false arrest accrues at the time of detention.").

Here, Plaintiff alleges that he was arrested on June 1, 2016. He therefore had three years from the date he was "held pursuant to legal process," *Wallace*, 549 U.S. at 389, to file this action. Based on Plaintiff's arrest date, the time to file this complaint expired on or about June 1, 2019. Plaintiff did not file his complaint, however, until May 20, 2021, nearly two years after the limitations period expired. His false arrest claims are therefore time-barred.

Although a plaintiff is not required to plead that claims are timely, *see Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007), dismissal is appropriate where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011); *see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds). The Court therefore dismisses Plaintiff's false arrest claims as time-barred. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

E.  **Malicious Prosecution and Abuse of Process**

To state a claim for malicious prosecution, a plaintiff must allege that criminal proceedings were initiated or continued against him, with malice and without probable cause, and were terminated in his favor. *See Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016). Moreover, he must allege facts suggesting "that the underlying criminal proceeding ended in a manner that affirmatively indicates his innocence." *Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018). A plaintiff must also allege facts suggesting that the defendant played an "active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." *Rothstein v. Carriere*, 373 F.3d 275, 294 (2d Cir. 2004) (quoting *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 217 (2d Cir. 2000)). Claims of malicious prosecution

7

accrue when the relevant criminal proceedings terminate in a plaintiff's favor. *See Bumbury v. City of New York*, 62 A.D. 3d 621 (1st Dep't 2009).

Here, Plaintiff fails to allege facts sufficient to suggest a plausible malicious prosecution claim. First, it is unclear which, if any, of the defendants Plaintiff alleges initiated or played an active role in a prosecution against him. Second, Plaintiff fails to allege any facts suggesting that any defendant lacked probable cause to initiate a prosecution or acted with malice. Plaintiff's conclusory assertions that he was "subjected to Malicious Abuse of process, Malicious Prosecution, and Denial of Access to Fair Trial" are insufficient to state a claim. Finally, it is unclear whether the proceedings ended in a manner that affirmatively indicates Plaintiff's innocence. Instead, he merely states that the charges were dismissed. Plaintiff therefore fails to state a claim under section 1983 for malicious prosecution.

"While malicious prosecution concerns the improper issuance of process,'[t]he gist of abuse of process is the improper use of process after it is regularly issued.'" *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994) (alteration in original). To state a claim of abuse of process under section 1983, a plaintiff must allege facts showing that a defendant: "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Id.* Here, Plaintiff fails to allege any facts suggesting a plausible abuse of process claim.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Although it is likely that the defects in Plaintiff's complaint cannot be cured with an amendment,

the Court grants Plaintiff leave to replead a malicious prosecution claim to allege any facts supporting that claim. If Plaintiff files an amended pleading, he should state facts regarding the circumstances of his arrest, the nature of the charges, the date the charges were dismissed, who arrested him, who initiated the prosecution, those individuals' role in the prosecution, and that the charges were dismissed in a manner that affirmatively indicates his innocence.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted, for seeking relief against a defendant who is immune from such relief, and as frivolous. 28 U.S.C. 1915(e)(2)(B)(i)-(iii). The Court grants Plaintiff thirty days' leave to replead his malicious prosecution claims only, stating facts as specified in the preceding paragraph. No civil judgment will issue at this time.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 26, 2021
         New York, New York

                                               /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                           Chief United States District Judge