UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN LESANE,

                Plaintiff,

-v.-

NYPD 043 PRECINCT JOHN DOE 1, *et al.*,

                Defendants.

21 Civ. 4746 (KPF)

**ORDER OF SERVICE**

KATHERINE POLK FAILLA, District Judge:

Plaintiff, who is currently incarcerated in the Metropolitan Detention Center in Brooklyn, New York, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights.[1] By Order dated June 24, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2]

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] By Order dated July 26, 2021, Chief Judge Laura Taylor Swain dismissed the complaint but granted Plaintiff thirty days' leave to replead his malicious prosecution claims. (Dkt. #6). On August 23, 2021, the Court received an unsigned letter from Plaintiff that appeared to be intended as an amended complaint, in response to the Court's Order. (Dkt. #7). Chief Judge Swain construed the letter as an amended complaint, and by Order dated September 16, 2021, directed Plaintiff to submit a signed declaration affirming that he intended his submission as an amended complaint, which Plaintiff submitted on September 27, 2021. (Dkt. #8, 9). The amended complaint, supplemented by Plaintiff's declaration, is the operative pleading.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

§§ 1915(e)(2)(B), 1915A(b); *see Abbas* v. *Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A. Previously Dismissed Claims

In the July 26, 2021 Order of Dismissal, Chief Judge Swain dismissed Plaintiff's claims against the Bronx District Attorney and Assistant District Attorney under the doctrine of prosecutorial immunity, and the Commissioner of the New York City Police Department ("NYPD") and the City of New York for failure to state a claim. (Dkt. #6). The Order also dismissed Plaintiff's false arrest claims as time-barred. (*Id.*). To the extent the amended complaint seeks to reassert these claims, the Court dismisses Plaintiff's false arrest claims and his claims against the Bronx District Attorney, Assistant District Attorney, and the Commissioner of the NYPD for the reasons stated in Chief Judge Swain's July 26, 2021 Order. (*See id.* at 3-7). Plaintiff's claims against the City of New York may proceed.

**B.     Service on the City of New York**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker* v. *Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within ninety days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until ninety days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray* v. *Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on the City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this

defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### C.     *Valentin* Order

Under *Valentin* v. *Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the NYPD to identify the four John Doe officers stationed at the 43rd Precinct whom Plaintiff alleges were involved in his June 1, 2016 arrest and subsequent prosecution. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the NYPD, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this Order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming the John Doe defendants. The second amended complaint will replace, not supplement, the amended complaint. A second amended complaint form that Plaintiff should complete is attached to this Order. Once Plaintiff has filed a second amended complaint, the Court will screen the second amended complaint and, if necessary, issue an order

directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Court dismisses Plaintiff's false arrest claims and his claims against the Bronx District Attorney and Assistant District Attorney, and the Commissioner of the NYPD. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Clerk of Court is further instructed to complete the USM-285 forms with the address for the City of New York and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is directed to mail a copy of this Order and the complaint to New York City Law Department at 100 Church Street, New York, New York 10007.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is also directed to mail a copy of this Order to Plaintiff, together with an information package.

SO ORDERED.

Dated: October 7, 2021
New York, New York

                                        KATHERINE POLK FAILLA
                                        United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

City of New York
New York City Law Department
100 Church Street
New York, NY 10007