UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN LESANE,

                Plaintiff,

                -v.-

NYPD UNDERCOVER OFFCER NO. 152, DETECTIVE LUIS BATISTA, RETIRED DETECTIVE DANIEL SMITH, DETECTIVE EDWIN MARTINEZ,

                Defendants.

21 Civ. 4746 (KPF)

**ORDER OF SERVICE**

KATHERINE POLK FAILLA, District Judge:

    Plaintiff, who is currently incarcerated in FCI Hazelton, in West Virginia, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By Order dated June 24, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). (Dkt. #5). On July 26, 2021, the Court dismissed Plaintiff's Complaint and granted him leave to replead his malicious prosecution claim. (Dkt. #6). Plaintiff filed the Amended Complaint on August 23, 2021 (Dkt. #7), after which, on October 7, 2021, the Court issued a *Valentin* Order directing the City of New York to ascertain the identity of the John Doe defendants. (Dkt. #11). The City complied with the *Valentin* Order on February 3, 2022. (Dkt. #27). On March 15, 2022, Plaintiff filed the Second Amended Complaint, which asserts a malicious prosecution claim against four individual defendants. (Dkt. #32).

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service of the Second Amended Complaint. *Walker* v. *Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the Second Amended Complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); see also *Murray* v. *Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the Second Amended Complaint on Defendants NYPD Undercover Officer No. 152, Detective Luis Batista, Retired

Detective Daniel Smith, and Detective Edwin Martinez through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants NYPD Undercover Officer No. 152, Detective Luis Batista, Daniel Smith, and Detective Edwin Martinez and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: May 12, 2022
       New York, New York

                                            KATHERINE POLK FAILLA
                                            United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

NYPD Undercover Officer No. 152
1 Police Plaza, Room 110A
New York, New York 10038

Detective Luis Batista, Shield No. 1404
Detective Bureau
1 Police Plaza, Room 110A
New York, New York 10038

Retired Detective Daniel Smith
1 Police Plaza, Room 110A
New York, New York 10038

Detective Edwin Martinez, Shield No. 1177
Information Technology Bureau Investigations Unit
1 Police Plaza, Room 110A
New York, New York 10038.